DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for the Debtor*
605 Third Avenue
New York, NY 10158
Telephone: (212) 557-7200
Robert L. Rattet
Jonathan S. Pasternak

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                              :
                                                    :   Chapter 11
NUVO TOWER LLC,                                     :
                                                    :   Case No. 22-41444 (NHL)
                       Debtor.                      :
                                                    :
-----------------------------------------------------------x

## BID PROCEDURES[1]

The following bid procedures and terms of sale (the "Bid Procedures") shall govern the sale auction process for that certain commercial real property located at 2954-2958 Brighton 6th Street and 6-7 Brighton Fifth Place in the Brighton Beach section of Brooklyn, which lots are intended for construction of a 23-unit condominium complex (the "Property").

The sales are being made pursuant to a chapter 11 plan (the "Plan") filed in connection with the Chapter 11 bankruptcy case of Nuvo Tower LLC (the "Debtor") pending before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") under case number 22-41444 (NHL). The sale of the Property is being conducted pursuant to, *inter alia*, Bankruptcy Code Sections 363(b), (d), (f), (k) and (m), 1123(a)(5), 1123(b)(4), and 1146(a) and in accordance with the terms of the Plan. The seller shall be the respective Debtor. References to the "Debtor" below shall mean such authorized representative under the Plan or other order of the Bankruptcy Court.

### I. Qualified Bidder Status

Any potential individual, partnership or entity that wishes to tender an offer or bid to purchase the Property must demonstrate to the satisfaction of the Debtor that such potential bidder is a "Qualified Bidder." A Qualified Bidder is a potential bidder who no later than **May 810, 2023 at 5:00 p.m.**, whichever is sooner (the "Bid Deadline") delivers so as to be actually received (including by email) by: (a) the Debtor's retained real estate broker Rosewood Realty (the "Broker"), attn: Greg Corbin, email: gcorbin@rosewoodrg.com, (b) counsel to the Debtor, Davidoff Hutcher & Citron LLP, 120 Bloomingdale Road, Suite 100, White Plains, New York 10605, Attention: Jonathan S. Pasternak, Esq., email: jsp@dhclegal.com and (c) counsel to

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

| ~~Bayport Funding~~Ramim, LLC, Macco Law Group, LLP, 2950 Express Drive South, Suite 109, Islandia, New York, 11749, Attention: Cooper Macco, Esq., email: cmacco@maccolaw.com following:

a. A written and signed irrevocable and binding offer (the "Qualifying Statement") that:

   (i) fully discloses the identity of each person or entity that is bidding for either of the Property (the "Bidder"). The Bidder must fully disclose all persons or entities that may be participating with the Bidder including the identity of any partner, member, equity holder or financial backer of the Bidder and the terms of any such participation;

   (ii) includes the Bidder's address, e-mail address and telephone number where the Bidder may be contacted along with its counsel's information;

   (iii) states that the Bidder is financially able and interested in acquiring the Property for the cash price of its offer without any contingencies as to financing and/or additional due diligence of any kind whatsoever, except as provided herein;

   (iv) contains a signed acknowledgment that any bid by the Bidder shall not be contingent upon such Bidder obtaining financing;

   (v) contains a signed acknowledgment that the Bidder will be bound by its bid and the representation and statements made in the Qualifying Statement until seven (7) days after the Closing Date (defined herein) or until such bid is rejected in writing by the Debtor;

   (vi) is accompanied by a signed confidentially agreement with respect to all aspects of the Sale in a form to be provided by the Debtor or the Broker;

   (vii) is accompanied by financial information which fairly and reasonably demonstrates the source of the Bidder's ability to close on the purchase of the Property as the case may be in the amount of its bid in the event that the Bidder is accepted by the Debtor as the Successful Bidder (as defined herein), subject to approval of the Bankruptcy Court;

   (viii) is accompanied by evidence that a good faith deposit in the amount of ~~ten~~five percent (~~10~~5%) of its bid in immediately available funds (the "Deposit"), which Deposit shall be made by wire transfer to an attorney escrow account designated by the Debtor pursuant to wire instructions to be provided, it being understood that the Deposit shall be forfeited by the bidder to the Debtor in the event that

        the bidder is the Successful Bidder and fails to close in accordance with the Bidding Procedures;

  (ix)    contains other information reasonably requested by the Debtor; and

  (x)    **Notwithstanding the Bid Deadline, Qualified Bids may (but not necessarily will) also be considered at the Auction.**

b.    An executed original of these Bid Procedures in which the Bidder agrees and acknowledges that it will be irrevocably bound by each of the terms herein including the following:

  (i)    The Bidder expressly acknowledges that it has relied solely on its own independent due diligence, investigation, analysis and valuations of the Property and that it did not rely upon any oral or written statements, representations, warranties, promises or guarantees whatsoever, whether expressed or implied with respect to the Property from the Debtor, their professionals, the Broker, and their agents and/or representatives.

  (ii)    The Debtor, their professionals, agents and representatives and the Broker and its agents and representatives, and its professionals, agents and representatives, have not made, and do not make (and no Contract defined below, will contain), any representations as to the physical condition, rents, leases, expenses, zoning, development, operations, value of the land of the Property, if any, or any other matter or thing affecting or related to the Property, which might be pertinent to the purchase of the Property, including, without limitation, (i) the current or future real estate tax liability, assessment or valuation of the Property; (ii) the potential qualification of the Property for any and all benefits conferred by or available under federal, state, city or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the compliance or noncompliance of the Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to obtain a change in the zoning or use, or a variance in respect to the Property; (iv) the availability of any financing for the purchase, alteration, rehabilitation, development or operation of the Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (v) the current or future use of the Property; (vi) the present and future condition and operating state of any and all machinery or equipment on the Property, if any, and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (vii) the ownership or state of title of any personal Properties on the Property; (viii) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (ix) any present or future issues concerning subdivision or non-subdivision of the Property; or (x) the compliance or non-compliance with environmental laws and the presence or absence of

   underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the Property.

(iii) The Bidder expressly acknowledges that any and all of its incurred expenses concerning any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of the Bidder, and under no circumstances shall the Debtor, their estate, the Broker, or their professionals be responsible to pay such expenses.

(iv) The Bidder expressly acknowledges that **Time Is Of The Essence** with respect to the Bidder's obligation to pay the Deposit (defined herein) and the balance of the purchase price on the Closing Date (defined herein), and that any failure by the Bidder to pay the balance of the purchase price on the Closing Date will result in the Debtor retaining the Deposit as liquidated damages as an asset of the Debtor's estate, and the termination of the Bidder's right to acquire the Property.

(v) The Bidder expressly acknowledges that **Time Is Of The Essence** as to the Bidder to perform all of the obligations required on its part in accordance with the Bid Procedures.

(vi) The Bidder expressly acknowledges that the Debtor, may elect to prepare a contract of sale (the "Contract") for the Property. The template form of Contract if prepared will be provided to each Bidder and filed with the Bankruptcy Court, and each Bidder acknowledges that it is encouraged to utilize this template in its submissions of both a redlined and clean copy of their Contract, and that material deviations from the Contract will be a factor in the Debtor's determination of what is the Opening Bid (as defined in Section II below) and the Successful Bid (as defined in Section III(j) below).

(vii) The Bidder expressly acknowledges that no offer or bid for the Property shall be deemed accepted by, or binding upon, the Debtor's estate unless and until such offer or bid is accepted in writing by the Debtor and approved by Order of the Bankruptcy Court.

(viii) In the event that the Bidder is selected as the highest and best bid at the Auction, such Bidder expressly acknowledges that it must close on the purchase of the Property on a date (the "Closing Date") which is not later than thirty (30) days after approval of the sale(s) by the Bankruptcy Court. The Auction shall be subject to entry of an Order of the Court confirming the sale of the Property to the applicable Successful Bidder (hereinafter defined) (the "Sale Confirmation Order"). The closing shall take place at the office of the Debtor's counsel.

(ix) The Successful Bidder shall be obligated to close on the purchase of the Property and there is no contingency of any kind or nature that will permit the Successful Bidder to avoid its obligations under these Bid Procedures. Anything to the contrary contained in these Bid Procedures notwithstanding, the Debtor, shall have the right

      to adjourn the Closing Date in order to remedy any defect to title that is not resolved by the order approving the Sale.

(x)  The Bidder expressly acknowledges and agrees that in the event that another person or entity is selected as the Successful Bidder but fails to timely tender the Deposit or otherwise perform its obligations under these Bid Procedures, the Debtor, with prior order of the Bankruptcy Court, may contact the Next Highest Bidder (hereinafter defined) and sell the Property to the Next Highest Bidder without any further notice or further approval of the Bankruptcy Court, without giving credit for the Deposit or Additional Deposit (hereinafter defined) and it shall be forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor deems appropriate in its reasonable business judgment and with prior order of the Bankruptcy Court. Thereafter, the Next Highest Bidder shall be deemed for all benefits and obligations to be the Successful Bidder and shall comply with the terms, conditions, and obligations set forth herein and the related documents and order of the Bankruptcy Court.

(xi)  As a condition to closing, the Successful Bidder (or the Next Highest Bidder should it become the Successful Bidder), must, upon a sale of the Property, pay the Broker a buyer's premium in the amount of 4.5% of the gross purchase price, which premium shall (i) be paid directly to Rosewood Realty on the Closing Date, and (ii) be in addition to the consideration (or gross purchase price) that the Successful Bidder (or the Next Highest Bidder should it become the Successful Bidder) pays for the Property.

(xii)  The Bidder expressly acknowledges that the Property is being sold in accordance with the Plan and pursuant to 11 U.S.C. § 363(b), (d), (f), (k) and (m), **"AS IS", "WHERE IS" IN ITS CURRENT CONDITION, WITHOUT ANY REPRESENTATIONS, COVENANTS, GUARANTEES OR WARRANTIES OF ANY KIND OR NATURE WHATSOEVER**, and free and clear of any liens, claims or encumbrances of whatever kind or nature (other than the Lease), with such liens, if any, to attach to the proceeds of sale, and is subject to among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; and (d) any building or zoning ordinances or any other applicable municipal regulations and violations thereof; and (e) environmental conditions. Notwithstanding the foregoing sentence, the Property shall be sold subject to the terms of the Assumed Leases.

(xiii)  The Bidder expressly acknowledges and agrees to otherwise be bound by all the terms of the Bid Procedures.

**II.**  **Opening Bid/Minimum Bid; Stalking Horse; Credit Bid**

  In order to be a Qualified Bid, the opening bid for the Property at the Auction Sale must be in an amount no less than $~~$~~ $3,150,000 plus payment of the 4.5% Buyer's

Premium (Opening Bid"). The next highest bid must be $25,000 greater than the Opening Bid.

Credit Bid Permitted. ~~Bayport~~Ramim Funding ~~("Bayport,~~ LLC ("Ramim"), the Debtor's prepetition lender, shall be deemed a Qualified Bidder and have the right to credit bid in the ~~allowed~~ amount of ~~its claim~~$2,875,948.66, at Auction pursuant to Section 363(k) of the Bankruptcy Code. In the event that ~~Bayport~~Ramim is the Successful Bidder at the Auction, ~~Bayport~~Ramim shall be obligated to pay the following as a condition to closing: (a) assumption of all outstanding real estate taxes; and (b) a Buyer's Premium equal to 1.75% of the Successful Bid, payable at closing.

### III. The Auction

The Debtor, with the assistance of its Broker, shall conduct a public auction (the "Auction") with respect to the Property on May 15, 2023 at 11:00 A.M. EST (the "Auction Date"). The Auction shall take place by a virtual or video conference remote process, as the Debtor shall all Qualified Bidders and other invitees via e-mail or facsimile not later than one (1) business day before the Auction Date, including the right to conduct the Auction by video or conference call at the discretion of the Debtor. The Auction may be adjourned by order of the Bankruptcy Court. If, however, no Qualified Bid is received by the Bid Deadline, then the Auction will not be held. The Auction shall be governed by the following procedures:

a. Only authorized representatives and respective counsel of each of the Qualified Bidders, the Debtor and ~~Bayport~~Ramim shall be permitted to attend and participate at the Auction;

b. Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

c. At the Auction, ~~Bayport~~Ramim shall be entitled to credit bid (in one or more bids) up to the amount of ~~its Secured Claim~~$2,875,948.66 as of the Auction Date;

d. Each Qualified Bidder shall be required to confirm under oath that it has not engaged in any collusion with respect to the bidding or the Auction;

e. Bidding shall commence at the amount of the highest and best Qualified Bid(s) submitted by the Qualified Bidders by the Bid Deadline;

f. The Qualified Bidders shall participate in person at the Auction, through a duly authorized representative with authority to bind the entity;

g. The Auction will be conducted so that each Qualified Bidder will be informed of the previous bid(s);

h.  Buyer's Premium. Qualified Bidders (other than ~~Bayport~~Ramim) are to pay in addition to the Successful Bid, a "Buyer's Premium" to Rosewood Realty equal to 4.5% of the Successful Bid at closing.

i.  Qualified Bidders may submit successive bids in increments of at least $10,000;

j.  The Auction shall continue until there is only one offer that the Debtor determines, subject to Bankruptcy Court approval, is the highest and best offer(s) submitted at the Auction from among the Qualified Bidders (the "Successful Bid"). The bidder(s) which submitted such Successful Bid shall become the "Successful Bidder(s)";

k.  At the end of the Auction, the Debtor shall also announce the next highest and otherwise best offers after the Successful Bid (the "Next Highest Bids" and the Qualified Bidders that submitted such bids, the "Next Highest Bidders");

l.  Deposits submitted by the Qualified Bidders who do not become the Successful Bidder shall be returned by the Debtor within four (4) business days after (i) the Auction is consummated with the Successful Bidder or (ii) the Debtor has determined not to sell the Properties;

m.  The Successful Bidder shall within three (3) business days after the Auction increase the Deposit as necessary to an amount equal to ten percent (10%) of its final bid at the Auction (the "Additional Deposit") with **Time Being Of The Essence** as to the Successful Bidder's obligation to increase the Deposit;

n.  All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction and these Bid Procedures;

o.  Once the Successful Bidder is identified, the Debtor may, consistent with the Plan, submit the Successful Bid for approval by the Bankruptcy Court; ~~and~~

p.  The Debtor shall provide five days' written notice of its intention to grant bid protections, including any Breakup Fee, provided such Breakup Fee shall not exceed 2% of the bid, to a proposed stalking horse agreement. The Debtor shall be authorized to grant the proposed bid protections without further order of the Court provided, however, that in all other respects approval of the terms of any stalking horse agreement shall be subject to further order of the Court if the proposed stalking horse bidder is the Successful Bidder at the Auction; and

7

p.q.  The Auction shall be transcribed by a court reporter and all Qualified Bidders will be required to sign in and identify their attendance with the court reporter.

q.r.  A hearing shall be held before the Honorable Nancy H. Lord, Bankruptcy Judge, United States Bankruptcy Court, 271-C Cadman Plaza East - Suite 1595, Brooklyn, NY 11201 on ~~April~~ ,May 23, 2023 at ~~10~~11:00 a.m. to confirm the results of the Auction and consider approval of the sale of the Property free and clear of all liens, claims, encumbrances, including but not limited to rights of first refusal and any lis pendens filed in connection therewith and interests of any kind (other than the existing commercial tenant leases for the Property)(collectively, the "Claims"). The hearing will be held via zoom conference only. Participants are required to register their appearance by 4:00 PM the day before any scheduled Zoom® hearing at https://ecf.nyeb.uscourts.gov/cgi-bin/nysbAppearances.pl. Any objections to approval of the sale of the Property pursuant to the results of the Auction, free and clear of the Claims shall be made in writing and filed with the Bankruptcy Court at the Court's website www.nyeb.uscourts.gov (login and password required, with a copy delivered to Chambers and served upon Jonathan S. Pasternak, Esq., Davidoff Hutcher & Citron LLP, 605 Third Avenue, New York, NY 10158 and via email to jsp@dhclegal.com so as to be received no later than _____,May 19, 2023 at 4:00 p.m.

## IV. Miscellaneous

a. The Debtor reserve the right to reject any offer or bidder, who in the Debtor's reasonable business judgment, is believed not financially capable of consummating the purchase of the Property. The Debtor, in the event that it privately sells or refinances the Property consistent with the Plan, reserves the right to withdraw the Property from sale.

b. Nothing contained in these Bid Procedures is intended to supersede or alter any provisions of title 11 of the United States Code (the "Bankruptcy Code") or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Bid Procedures are subject to modification as may be directed by the Debtor or by the Bankruptcy Court. The Debtor upon notification to the Office of the United States Trustee, reserve the right to modify the Bid Procedures to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Bankruptcy Court.

c. These Bid Procedures may be modified so as to be consistent with the terms of the Plan and Qualified Bidders will be notified of such modifications on or prior to the commencement of the Auction.

I have read these Bid Procedures and agree to be bound by them. **(Please print clearly)**

Date: _____

Bidder: _____

Signature: _____

Title: _____

Address: _____

E-Mail: _____

Phone Number: _____

Attorney Info: _____