**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

In re:

NUVO TOWER LLC,

                          Debtor.

Chapter 11

Case No. 22-41444 (NHL)

------------------------------------------------------------X

**ORDER (1) AUTHORIZING SALE OF DEBTOR'S PROPERTY PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b), (f), (m) AND (2) <u>GRANTING RELATED RELIEF</u>**

UPON the motion dated January 19, 2023 (ECF Doc. No. 46; the "Motion") of Nuvo Tower LLC the above-captioned debtor ("Debtor") in this Chapter 11 case, the Court entered an Order on March 7, 2023 (I) Approving Bidding Procedures (the "Bid Procedures") and (II) Scheduling an Auction and Sale Hearing (ECF Doc. No. 67, the "Bid Procedures Order")[1] with respect to the Debtor's Property subject to higher and better offers in accordance with the terms of the Bid Procedures Order; and

UPON the Debtor's Report of Auction Sale in accordance with the Bid Procedures Order, dated May 16, 2023 (ECF Doc. No. __; the "Report of Auction Sale"), and the Declaration of Greg Corbin in Support of Auction Sale (ECF Doc. No. __; the "Corbin Declaration"), which represented that the Debtor received two (2) Qualified Bids, that being from New World Partners 2 LLC (the "Purchaser"); and Ramim LLC, assignee of the Debtor's prepetition secured lender ("Ramim").

AND it appears that no other Qualified Bids were received by the Bid Deadline, and the Debtor, in accordance with the Bid Procedures held the Auction on May 15, 2023;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as set forth in the Motion, the Bid Procedures Order and the Bid Procedures (defined therein), respectively.

AND at the Auction, the Debtor having determined that, inter alia, Purchaser's offer pursuant to the terms set forth in the Report of Auction Sale was the highest and best offer made for the Property;

AND upon the record of and representations made at the hearing held by the Court on May 23, 2023 (the "Sale Confirmation Hearing") with respect to the Debtor's request to (a) authorize and approve the Sale of the Property to the Purchaser pursuant to Sections 363(b)(, (f) and (m) of the Bankruptcy Code and (b) grant such other relief as may be deemed necessary or proper by the Court; and upon all other pleadings related thereto and other documents filed by other parties in interest; and the Court having considered the statements of counsel, the Report of Auction Sale and the evidence proffered at the Sale Confirmation Hearing; and upon the record of all other hearings held with regard to the subject matter hereof; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Sale Confirmation Hearing, it appearing that the Debtor's request to confirm the sale of the Property is in accordance with the Bid Procedures Order and the Bid Procedures (the "Sale") is in the best interest of the Debtor's estate, its creditors, and other parties in interest and that the following findings of fact, conclusions of law and order are warranted; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, this Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

A.  This matter is a core proceeding which a bankruptcy court has the power to hear and determine in its entirety and enter a final order with respect thereto pursuant to sections 157(b)(1) and 1334(b) of title 28 of the United States Code ("Title 28"). This matter is a core proceeding within the meaning of Title 28 section 157(b)(2)(A), (K), (N) and (O), and venue of the Debtor's Chapter 11 Case is proper in this district pursuant to Title 28 sections 1408 and 1409.

B.  The statutory predicates for the relief sought are sections 102(1), 105, 363 and 365 of title 11 of the United States Code ("Bankruptcy Code"), and Bankruptcy Rules 2002, 6004, 6006, 9004, 9006, and 9013, and EDNY Local Rule 6004-1.

C.  As evidenced by the affidavits of service filed with this Court and the proceedings had before the Court at the Sale Confirmation Hearing, due, proper, timely, adequate, and sufficient notice of the Bid Procedures Order, the Bid Procedures, and the Sale Confirmation Hearing was given; such notice was good, sufficient and appropriate under the circumstances; and no other or further notice of the Auction, the Sale Confirmation Hearing, or the relief sought with respect to them shall be required.

D.  As evidenced by Report of Auction Sale, the Debtor's marketing efforts resulted in 2 Qualified Bids having been made in accordance with, inter alia, the Bid Procedures Order.

---

[2] Findings of Fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* Rule 7052 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Any statements of this Court from the bench at the Sale Confirmation Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference into this Order.

E.       The Bid Procedures, which provided for the scheduling of the date and time of the Auction and the Sale Confirmation Hearing, were duly and properly served on all required persons and entities. Copies of the Bid Procedures were circulated to, among others, everyone who expressed an interest to the Debtor or the Broker in seeking to become a Qualified Bidder.

F.       Good, sufficient and sound business purposes and justification for approval of the Sale of the Property to Purchaser have been articulated. The relief requested is within the reasonable business judgment of the Debtor and is made in accordance with the terms of the Bid Procedures Order, including the Bid Procedures, and is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

**Findings and Conclusions with Respect to the Sale**

G.       The Debtor, in accordance with the Bid Procedures, afforded a full, fair and reasonable opportunity for any bidder or party to make a higher and better offer for the Property. At the conclusion of the Bid Deadline, the Debtor and the Broker reasonably determined that Purchaser's Qualified Bid was the highest and best offer received.

H.       The terms and conditions set forth in the Bid Procedures for the Sale of the Property were fair and reasonable, and resulted in Purchaser's Qualified Bid that was submitted and negotiated in good faith and at arm's length, and without collusion or fraud, or by any means not permitted by law. Purchaser is acquiring the Property in good faith within the meaning of Bankruptcy Code Section 363(m) and is therefore entitled to the protections afforded by that statutory provision.

I.       Neither the Debtor nor Purchaser have engaged in any conduct that would prevent the application of Section 363(m) of the Bankruptcy Code or cause the application of or implicate Bankruptcy Code section 363(n) to the Sales or to the consummation of the

transactions contemplated thereby. Purchaser is entitled to all the protections and immunities of Bankruptcy Code Section 363(m).

J.     The Purchaser's Qualified Bid is (i) the highest and best offer received by the Debtor for the Property and (ii) is fair and reasonable. Purchaser is determined and confirmed by this Court to be the successful bidder under the Bid Procedures Order and accepting the Purchaser's Qualified Bid is in the best interests of the Debtor, its creditors, and its estate.

K.     The Debtor has fully complied with the Bid Procedures Order, which afforded a full, fair and reasonable opportunity for any creditor, person or entity to make a higher or otherwise better offer than Purchaser's Qualified Bid. The Sale process was duly noticed and conducted in a non-collusive, fair and good faith manner. The Sale is in accordance with the Bid Procedures and the Debtor's acceptance of the Purchaser's Qualified Bid represents a valid and sound exercise of the Debtor's business judgment.

L.     A reasonable opportunity to object or be heard has been afforded to all interested persons and entities. The conduct of the Sale process provided an efficient means for the Debtor to dispose of the Property and administer the orderly liquidation of the Debtor's estate.

M.     Pursuant to Bankruptcy Code section 363(f), the Property shall be sold to the Purchaser free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, rights (including rights of first refusal), liens (including statutory liens and mechanics' liens), charges, judgments, rights, liabilities, interests, lis pendens, encumbrances, claims or interests of any kind or nature whatsoever, including, without limitation, any and all "claims" as defined in Bankruptcy Code section 101(5), whether arising by agreement, any statute or otherwise and whether arising before,

on or after the commencement date of the Debtor's Chapter 11 case (collectively, the "Liens and Claims").

N.      Purchaser would not have bid for the Property and would not consummate the Sale transaction if the Sale was not free and clear of the Liens and Claims.

O.      The Debtor may sell the Property free and clear of the Liens and Claims because, in each case, one or more of the requirements set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied subject to the terms and conditions of this Order. Those holders of Liens and Claims who do not object to the Sale will be deemed to have consented pursuant to Bankruptcy Code section 363(f)(2). Those who objected are subject to either section 363(f)(4) or (5), or both.

P.      The Debtor has full corporate and statutory power and authority to execute and sell and transfer the Property in accordance with this Order, the Sale Procedures Order, and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor or Purchaser to consummate the transactions contemplated by this Order, the Bid Procedures Order and the results of the Sale process governed thereby.

Q.      Neither Purchaser nor any of its respective affiliates or subsidiaries, successors or assigns is a successor to the Debtor or its bankruptcy estate by reason of any theory of law or equity, and Purchaser shall not assume or in any way be responsible for any liability or obligation of the Debtor and/or its bankruptcy estate, except as otherwise expressly provided in this Order, the Bid Procedures Order and the Purchaser's Qualified Bid. The Sale transaction contemplated under the Bid Procedures Order, the Purchaser's Qualified Bid and this Order does not constitute a consolidation, merger or de facto merger of Purchaser and the Debtor and/or the Debtor's estate. There is no substantial continuity between Purchaser and the Debtor, there is no common identity between the Debtor and

Purchaser, there is no continuity of enterprise between the Debtor and Purchaser, Purchaser is not a mere continuation of the Debtor or its estate, and Purchaser does not constitute a successor to the Debtor or its estate. Except as otherwise set forth in this Order and the Purchaser Offer, the sale and assignment of the Property to the Purchaser will not subject Purchaser to any liability for any claims against the Debtor or the Property existing as of the Closing of the Sale by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, ERISA, successor, transferee or vicarious liability; provided however, that nothing in this paragraph shall be construed as limiting any party's rights to assert a claim against the Debtor, its estate or proceeds of the Sale unless the liability for such claim was assumed by Purchaser. Notwithstanding the foregoing, nothing in this Order releases, nullifies or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery or injunctive relief) that any entity would be subject to as the owner, lessor, lessee or operator of the Property after the date of entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**General Provisions**

1. The relief requested, to the extent not previously granted and approved in the Bid Procedures Order, is granted and approved as provided herein, subject to the terms and conditions as set forth herein.

2. For the reasons set forth on the record at the Sale Confirmation Hearing or in proceedings had before this Court, any objections to the Sale or the relief granted and

approved in this Order that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits and denied with prejudice.

3. Except as expressly provided for herein, the terms and provisions of this Order shall be binding upon in all respects upon: the Debtor and its officers, partners, managers, employees, directors, members and shareholders; the Debtor's estate and all persons or entities (as those terms are defined in the Bankruptcy Code) asserting claims against or interests in: the Debtor, or its estate (including, but not limited to, all non- Debtor parties asserting any Liens and Claims in and against the Property); Purchaser; and all other interested parties; and, with respect to those identified in this Paragraph, their respective successors and assigns, and any trustees, if any, subsequently appointed in the Debtor's Chapter 11 case or upon a conversion of the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

**Sale of the Property Free and Clear; Payments Authorized at Closing**

4. Pursuant to Bankruptcy Code section 363(f), the Property being sold shall be sold free and clear of any and all Liens and Claims including all lis pendens filed against the Property, with all such Liens and Claims to attach to the proceeds of the Sale, if any.

5. At Closing, the following claims are hereby authorized to be paid from the proceeds of the Sale:

a) All filing fees and ordinary closing costs.

**Purchaser Entitled to Good Faith Protection**

6. All of the transactions contemplated by this Order with respect to the Sale, assignment and conveyance of the Property to Purchaser shall be protected by Bankruptcy Code section 363(m) in the event that this Order is reversed or modified on appeal, and no reversal or modification of this Order on appeal will affect the validity and enforceability of the Sale or the transaction contemplated or effectuated thereby.

**Closing**

7. In the absence of any person or entity obtaining a stay pending appeal prior to the Closing, the Debtor and Purchaser are free to consummate the Sale at any time after entry of this Order, the effectiveness requirement under Bankruptcy Rule 6004(h) is hereby waived, and Purchaser shall be afforded the protections of Bankruptcy Code section 363(m) as to all aspects of the sale transaction under and pursuant to the terms of this Order, if this Order or any authorization contained herein is reversed or modified on appeal.

8. The Purchaser shall close on the Sale no later than __ days after entry of this Order.

9. Ramim is hereby deemed the Next Highest Bidder and shall comply with the terms of the Bid Procedures as it applies to the Next Highest Bidder.

**Injunctive Relief**

10. All persons and entities (as those terms are defined in the Bankruptcy Code), including, but not limited to, all holders of Liens and Claims against or in the Debtor or the

Property, arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, or the assignment and transfer of the Property to the Purchaser, are hereby forever barred, estopped, and permanently enjoined from asserting such person's or entity's Liens and Claims against Purchaser, its successors, assigns, and designees, its property, or the Property.

11. Following the Closing of the Sale transaction, no holder of any Lien or Claim shall interfere with Purchaser's title to or use and enjoyment of the Property based on or related to any such Lien or Claim or based on any actions the Debtor may take in their Chapter 11 case.

**<u>Enabling Authority</u>**

12. The Debtor is authorized and empowered to sell, transfer and otherwise convey the Property to the Purchaser in accordance with the terms of this Order.

13. Purchaser shall not be liable for any claims against the Debtor other than as expressly provided for under this Order, the Plan or the Purchaser Offer.

14. The Debtor and Purchaser, and each of their respective officers, employees and agents be, and they hereby are, authorized to execute such documents and to do such acts as are necessary or desirable to carry out the sale and effectuate the Sale of the Property to Purchaser.

15. Purchaser is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order and the conduct of the Sale.

16. This Court retains exclusive jurisdiction to interpret and enforce this Order and to adjudicate, if necessary, any and all disputes concerning or relating in any way to, or affecting, this Order and the relief provided herein, and any of the transactions contemplated

by this Order or its implementation, including, without limitation, to protect the Debtor and Purchaser from interference with the Sale, and to resolve any disputes related to the Sale or the implementation of the Sale.

### **Other Provisions**

17. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the sale or the transactions contemplated hereby.

18. This Order is and shall be binding upon and govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

19. If any person or entity that has filed financing statements, mortgages, deed of trust, mechanic's liens, lis pendens or other documents, instruments or agreements evidencing Liens or Claims against the Debtor or the Property has not delivered to the Debtor or Purchaser prior to the applicable Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor or the Property, then with regard to the Property that is being purchased by Purchaser pursuant to this Order: (a) the Debtor is hereby authorized and directed, and Purchaser is authorized,

to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property; and (b) Purchaser is hereby authorized, but not directed, to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and Claims against the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office. Notwithstanding and without limiting the foregoing, the provisions of this Order authorizing the Sale of the Property free and clear of Liens and Claims, shall be self-executing, and neither the Debtor nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

20. Any documents or other instruments related to the Sale may be modified, amended or supplemented without further order of this Court (provided that such modification, amendment or supplement has been approved in writing by the Debtor and Purchaser, except that Court approval shall be required if such amendment, modification or supplement is in contravention of this Order).

21. The provisions of this Order are non-severable and mutually dependent.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.