UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                    Case No. 22-41444 (NHL)

NUVO TOWER LLC,

                                                    Chapter 11

                          Debtor.
-------------------------------------------------------------X

## OBJECTION TO PROPOSED SALE

Ramim LLC ("Ramim"), as successor in interest to Bayport Funding LLC ("Bayport"), by and through its counsel, Macco Law Group, LLP, hereby objects to the proposed sale of real property by Nuvo Tower LLC (the "Debtor"), the above-referenced debtor and debtor-in-possession, and respectfully sets forth as follows:

## PROCEDURAL BACKGROUND

1. Debtor is the fee simple owner of four (4) adjacent lots of non-residential real property located at, and known as: (i) 7 Brighton 5th Place, Brooklyn NY ("Lot 503"); (ii) 6 Brighton 5th Place, Brooklyn NY (" Lot 507"); (iii) 2958 Brighton 6th Street, Brooklyn, NY ("Lot 604"); and (iv) 2954 Brighton 6th Street, Brooklyn, NY ("Lot 602", and collectively with Lot 503, Lot 507, and Lot 604, the "Real Property").

2. By promissory note (the "Note"), dated August 7, 2017, Debtor promised to repay Bayport One Million Five Hundred Thousand and 00/100 ($1,500,000.00) Dollars (the "Loan Amount"), plus interest and fees, on or before August 7, 2018 (the "Maturity Date"), borrowed by Debtor from the Bayport in connection with the purchase of the Real Property.

3. As security for the Note, Debtor executed and delivered a mortgage (the "Mortgage"), dated August 17, 2017, against the Real Property in favor of the Bayport, which

Mortgage was recorded with the Office of the City Register of the City of New York on August 29, 2017.

4. Debtor failed to remit payment in accordance with the terms of the Note on or before the Maturity Date.

5. By order confirming referee report and judgment of foreclosure and sale (the "Judgment"), dated February 2, 2022 (the "Judgment Date"), the Court entered a judgment in the amount of $2,080,165.90, plus contractual interest from March 1, 2019, through the Judgment Date, and statutory judgment interest running from the Judgment Date thereafter, plus additional costs in favor of Claimant and authorized a foreclosure sale of the Real Property.

6. On June 23, 2022 (the "Petition Date"), Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code.

7. Debtor's Petition states: (a) Debtor is the fee simple owner of the Real Property; (b) the Real Property is encumbered by a mortgage (the "Mortgage") against the Real Property; (c) the Mortgage was given as security for a promissory note (the "Note") which had a balance of not less than $2,800,000; and (d) the Real Property has a value of approximately $4,200,000 (the "Fair Market Value").

8. By proof of claim (the "Claim"), assigned claim number 3, Bayport asserted a secured claim in the amount of $2,967,058.05 (the "Claim Amount") against the Debtor arising from the Mortgage & Note. Ramin repeats, realleges, and incorporates by references, all factual statements included in the Claim.

9. By motion (the "First Sale Motion"), dated January 19, 2023, Debtor sought approval of: (a) proposed bid procedures (the "Bid Procedures") in connection with the Sale; and (b) the Sale.

10. By objection (the "First Sale Objection"), dated January 31, 2023, Bayport objected to the First Sale Motion.

11. Thereafter, Ramim purchased all rights, title, and interest in the Mortgage and Note from Bayport.

12. By notice of assignment of claim (the "Assignment"), dated February 6, 2023, Bayport assigned all rights, title, and interest in the Amended Claim to Ramim.

13. By order (the "Procedures Order"), entered March 8, 2023, the Court granted the First Sale Motion and established bid procedures (the "Bid Procedures") for conducting an auction of the Real Property.

14. Pursuant to the Procedures Order: (a) a bid deadline was set for May 10, 2023 (the "Bid Deadline"), by which a bidder must demonstrate the financial ability to consummate a purchase of the Real Property so as to become qualified (a "Qualified Bidder"); (b) an auction sale was scheduled to be conducted on May 15, 2023 at 11:00 a.m. (the "Auction Date"); (c) a Qualified Bidder expressly acknowledged that a closing on the sale of the Real Property must occur within thirty (30) days (the "Closing Date") of entry of the order approving the sale (the "Sale Confirmation Order"), time being of the essence; (d) a proposed sale was not contingent upon a Qualified Bidder obtaining financing; (e) a Qualified Bidder show is deemed the successful bidder shall provide the Debtor with a ten and 00/100 (10.00%) percent deposit (the "Required Deposit") within three (3) business days of the Auction Date; and (e) Ramim was entitled to credit bid $2,875,948.66 (the "Credit Bid Amount").

15. On April 18, 2023, Ramim remitted an offer of the full Credit Bid Amount to the Debtor's counsel.

16. Prior to the Auction Date, no bidders qualified as Qualified Bidders under the Bid Procedures.

17. On the Auction Date, Debtor conducted a public auction of the Real Property and New World Partners 2 LLP (the "Proposed Purchaser") and his attorney appeared to bid at the Auction Sale.

18. The Proposed Purchaser offered to purchase the Real Property for $2,950,000 with ninety (90) days to close (the "Proposed Closing Extension") with the Debtor holding $150,000 as a down payment (the "Proposed Deposit").

19. Upon information and belief and based on requests made of Ramim by the Proposed Purchaser at the Auction Sale, the Proposed Closing Extension is necessary so that the Proposed Purchaser can obtain financing for the Real Property.

20. By notice of report and auction sale (the "Notice of Sale"), dated May 16, 2023, Debtor seeks to confirm the results of the Auction Sale and sell the Real Property to the Proposed Purchaser.[1]

## OBJECTION TO PROPOSED CLOSING EXTENSION

21. The Bid Procedures contemplate the Closing Date within thirty (30) days of the Sale Confirmation Order and a Required Deposit of not less than ten and 00/100 (10%) of the successful bid.

22. The Proposed Closing Extension and Proposed Deposit represent changes to the bid requirement required by the Bid Procedures that are unreasonable.

23. The Proposed Closing Extension comes with additional issues.

---

[1] Ramim is unable to provide a copy of this Objection on Proposed Purchaser or its attorneys because: (a) the Proposed Purchaser failed to qualify as a Qualified Bidder prior to the Auction Date, which would have required providing information as to its identity and finances to Macco Law Group, LLP, as attorneys for Ramim; and (b) the Notice of Sale does not include an affidavit of service.

4

24. Interest continues to accrue under the terms of the JFS.

25. As previously discussed, the per diem interest on the JFS is $654.35.

26. If the Proposed Closing Extension is granted, Debtor will be liable to the Ramim for an additional $58,891.50 (the "Estimated Interest").[2]

27. Additionally, the Adequate Protection Order requires that the Debtor continue making payments of $5,000 per month until the Mortgage is satisfied.

28. Considering the Credit Bid Amount and Estimated Interest, Debtor will owe Ramim approximately $2,933,891 (the "Estimated Payoff") at consummation of the Sale.[3]

29. Bayport had scheduled a foreclosure sale for the Petition Date.

30. If the Proposed Closing Extension is granted, it will have delayed a sale of the Real Property for fifteen (15) months, while still failing to create a meaningful estate for the Debtor's creditors.

31. Additionally, the Proposed Deposit is about fifty and 00/100 (50%) percent of the Required Deposit.

32. By not aligning the Proposed Deposit with the Bid Procedures, the Proposed Purchaser shifts the risk to the Debtor and its creditors should the sale not be consummated.

33. The Proposed Deposit would barely cover the cost of the Broker, and would not create an estate for the Debtor's creditors should the sale fall apart.

---

[2] This Estimated Interest contemplates a Closing Date within ninety (90) days of the Auction Date. It does not include additional interest between the Auction Date and the order approving the Sale, from which the ninety (90) days would run as per the Bid Procedures Order. As such, this amount can and shall not be used as a payoff statement and is provided solely for illustration of the issue.

[3] The Estimated Payoff contemplates a Closing Date within ninety (90) days of the Auction Date. It does not include additional interest between the Auction Date and the order approving the Sale, from which the ninety (90) days would run as per the Bid Procedures Order. As such, this amount can and shall not be used as a payoff statement and is provided solely for illustration of the issue.

34. This Proposed Deposit, coupled with the Proposed Closing Extension, undermine the purpose of the Bid Procedures Order.

35. Debtor has still failed to provide evidence that the real property taxes for the first quarter of 2023 have been paid.

36. If the Proposed Closing Extension is granted, an additional quarter of real property taxes shall come due.

37. If the Debtor has failed to pay the real property taxes during 2023, the Proposed Purchase Price may not be sufficient to satisfy the Estimated Payoff and Real Property taxes while still creating an estate for general unsecured creditors.

**WHEREFORE,** Ramim respectfully requests that the Court: (a) (i) deny the Proposed Closing Extension and require the Closing Date occur within thirty (30) days in accordance with the Bid Procedures; or (ii) deem the Credit Bid remitted by Ramim as the highest and best offer; and (b) grant such further, other and different relief as the Court deems just and proper.

Dated: May *16*, 2023
       Islandia, NY

**MACCO LAW GROUP, LLP**
Attorneys for the Ramim

By: *s/ Cooper J Macco*
     Cooper J Macco
     2950 Express Drive South, Suite 109
     Islandia, New York 11749
     (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                   Case No. 22-41444 (NHL)

NUVO TOWER LLC,

                                                   Chapter 11

                        Debtor.
-------------------------------------------------------------X

## AFFIRMATION OF SERVICE

**COOPER J MACCO**, being duly sworn deposes and says: deponent is not a party to this action, is over 18 years of age and resides at Huntington, New York.

On May 16, 2023, deponent served the within:

- **OBJECTION TO PROPOSED SALE**

upon the following parties at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:   **DEBTOR'S ATTORNEYS**      **DEBTOR**
         Robert L Rattet                       Nuvo Tower LLC
         Davidoff Hutcher & Citron LLP     2112 Coney Island Avenue
         605 Third Avenue                  Brooklyn, NY 11223
         New York, NY 10158

         **OFFICE OF THE UST**
         Office of the United States Trustee
         Eastern District of NY
         Brooklyn Office
         U.S. Federal Office Building
         201 Varick Street, Suite 1006
         New York, NY 10014

I declare under the penalty of perjury that the foregoing is true and correct. Executed on the *16*th day of May 2023.

                                                            *s/ Cooper J Macco*
                                                            COOPER J MACCO